IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-1367-REB

ANNE LANDMAN,

    Plaintiff,

vs.

RAY SCOTT, Colorado State Senator for
Senate District 7, in his individual and
official capacities,

    Defendant.

---

## [~~PROPOSED~~] SCHEDULING ORDER

---

**1.   DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

A scheduling conference for this matter is set for July 23, 2019, at 9:00 a.m., at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO, Courtroom A-402, before United States Magistrate Judge Scott T. Varholak. The following persons represent the parties in this matter:

7

Ashley I. Kissinger #36639
J. Matthew Thornton #48803
Mark D. Wilding Jr. #50177
BALLARD SPAHR LLP
1225 Seventeenth Street, Suite 2300
Denver, Colorado 80202-5596
Telephone: (303) 376-2407
kissingera@ballardspahr.com
thorntonj@ballardspahr.com
wildingm@ballardspahr.com

Mark Silverstein, #26979
Sara R. Neel, #36904
ACLU Foundation of Colorado
303 E. 17th Street
Denver, Colorado 80203
Phone: (720) 402-3104
sneel@aclu-co.org
msilverstein@aclu-co.org

*Attorneys for Plaintiff Anne Landman*

Maureen R. Witt # 10665
Jessica J. Smith # 46435
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
mwitt@hollandhart.com
jjsmith@hollandhart.com

*Attorneys for Defendant Senator Ray Scott*

## 2.  STATEMENT OF JURISDICTION

Plaintiff contends that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and laws of the United States and is brought under 42 U.S.C. § 1983; that the Court has supplemental jurisdiction over Ms. Landman's state constitutional claims under 28 U.S.C. § 1367; and that this Court has authority to grant declaratory and injunctive relief and award nominal damages under 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 1983.

For the reasons stated in Defendant's Motion to Dismiss (Dkt. 18), Defendant disputes this Court's subject matter and supplemental jurisdiction over this dispute. Plaintiff's federal-law claims are moot and are also barred by the Eleventh Amendment, and this Court lacks supplemental jurisdiction over Plaintiff's state-law claims, which are also moot.

3. **STATEMENT OF CLAIMS AND DEFENSES**

    a.     Plaintiff:

Plaintiff Anne Landman is an outspoken Colorado resident who regularly engages in protected speech on myriad online forums, including Facebook and Twitter. Until 2017, Ms. Landman followed and engaged with content posted by Defendant Scott – a Colorado State Senator – and her fellow constituents and others on Senator Scott's official Facebook page and Twitter timeline. However, in mid-2017, after Ms. Landman posted her constitutionally protected opinion critical of Senator Scott on his official Facebook page and Twitter timeline – opinions that were regarding Senator Scott in his capacity as a senator – the senator blocked and banned her from the interactive portions of his official social media accounts and deleted and/or hid her comments based on her viewpoint.

After sending Senator Scott numerous unanswered requests to be unblocked and unbanned from his social media accounts, Ms. Landman filed this lawsuit, asserting claims under the First Amendment of the United States Constitution, brought pursuant to 42 U.S.C. § 1983, and Article II, Section 10 of the Colorado Constitution. As held by numerous courts across the nation – including just recently the Second Circuit – the interactive spaces on social media accounts of public officials are public forums where viewpoint discrimination is strictly prohibited. *Knight First Amendment Institute at Columbia Univ., et al. v. Donald J. Trump, et al.*, No. 18-1691, 2019 WL 2932440 (2d Cir. July 9, 2019) (affirming district court's holding that President Trump violated the First Amendment by blocking Twitter users with whom he disagrees); *Davison v. Randall*, 912 F.3d 666, 687-88 (4th Cir. 2019) (affirming court's holding,

9

after bench trial, that elected county official violated a constituent's First Amendment rights when she banned him from her official Facebook page, a public forum, based on the views expressed in his posts); *Robinson v. Hunt Cty.*, No. 18-10238, 2019 U.S. App. LEXIS 11013, at *9-10 (5th Cir. Apr. 15, 2019) (assuming, where defendant did not contest the issue, that sheriff department's Facebook page is a public forum where viewpoint discrimination is constitutionally prohibited); *accord One Wis. Now v. Kremer*, No. 17-cv-0820-wmc, 2019 U.S. Dist. LEXIS 8828 (W.D. Wis. Jan. 18, 2019); *Garnier v. Poway Unified Sch. Dist.*, No. 17-cv-2215-W (JLB), 2018 U.S. Dist. LEXIS 87987 (S.D. Cal. May 24, 2018); *Dingwell v. Cossette*, No. 3:17-CV-01531 (VLB), 2018 U.S. Dist. LEXIS 95832, at *12-13 (D. Conn. June 7, 2018); *Leuthy v. LePage*, No. 1:17-cv-00296-JAW, 2018 U.S. Dist. LEXIS 146894, at *45 (D. Me. Aug. 29, 2018); *Campbell v. Reisch*, No. 2:18-CV-04129-BCW, 2019 U.S. Dist. LEXIS 23034, at *9-10 (W.D. Mo. Feb. 8, 2019).

Yesterday, Senator Scott filed a motion to dismiss claiming that the case is now moot because he has unblocked and unbanned Ms. Landman. But it was only *after* Ms. Landman filed this lawsuit that Senator Scott completely unblocked and unbanned Ms. Landman from his Facebook page and Twitter account, even though she had sent him a request to do so two weeks before she filed the suit (a request to which she received no response whatsoever). Moreover, Senator Scott has not restored commentary Ms. Landman previously posted on his official social media accounts that he deleted. Senator Scott's motion and affidavit submitted therewith do not (because they cannot) meet the very high burden for the senator to demonstrate that this case is moot. Ms. Landman is therefore entitled to all relief asserted in the Amended and

10

Supplement Complaint.

    b.    Defendant:

Anne Landman is a constituent of the Defendant, Senator Ray Scott, the Colorado State Senator for Mesa County. Landman was, at one time, blocked from accessing portions of Senator Scott's official Facebook page and Twitter account ("Official Social Media"). Using his cell phone, Senator Scott voluntarily unblocked and unbanned Ms. Landman from his Official Social Media in early 2019. He later learned that in order to completely restore her access to his Official Social Media, he had to also unban and unblock her using his computer, which he promptly did. It is undisputed that Landman's access to Senator Scott's Official Social Media is completely restored. Nonetheless, less than a month after Landman's access was completely restored, Landman filed this Amended Complaint, in which she alleges that the fully remedied injury to her federal and state free-speech rights entitles her to equitable and legal relief. As more fully stated in Defendant's Motion to Dismiss, all of Landman's claims must be dismissed: *First*, Landman's federal-law claims for equitable relief are moot because Senator Scott has already restored Landman's access to his Official Social Media accounts. *Second*, these same claims are barred by the Eleventh Amendment because they seek either retrospective declaratory relief or do not fall within the narrow *Ex parte Young* exception to Eleventh Amendment immunity. *Third*, Landman's federal-law claim for nominal damages fails because Senator Scott is entitled to qualified immunity. In the Tenth Circuit, it is not clearly established that the interactive portion of a governmental actor's official social media account is a forum subject to First Amendment protection. *Finally*, Landman's state-

11

law claims fail because federal law provides an "adequate remedy" for Landman's alleged injury, and those claims are also moot. Allowing this suit to proceed would embroil a state senator in litigation over an issue that has been fully remedied and is over. The case should be dismissed.

**4.    UNDISPUTED FACTS**

The following facts are undisputed:

1. Senator Scott created, administers, and moderates the Facebook page "Ray Scott for Colorado" (https://www.facebook.com/rayscottforcolorado/), which is a social media page he uses to communicate with people in his capacity as a state senator.

2. This Facebook page identifies Senator Scott as a "Government Official" and, specifically, as "Colorado Senator SD7."

3. A "Contact Us" button appears on the page and directs Facebook users to Senator Scott's website, www.rayscottforcolorado.com, which provides Senator Scott's official e-mail address, ray.scott.senate@state.co.us, and his phone number in the Colorado Senate.

4. Senator Scott created, administers, and moderates the Twitter handle @ScottforColo (https://twitter.com/SCOTTFORCOLO).

5. Senator Scott's Twitter account identifies him as a "Colorado Senator" and displays his website, https://www.rayscottforcolorado.com/, below his picture.

6. At one point in time, Senator Scott banned Ms. Landman from his Facebook page, but Senator Scott has fully restored Ms. Landman's access to his Facebook page.

7. At one point in time, Senator Scott blocked Ms. Landman from his Twitter account, but Senator Scott has fully restored Ms. Landman's access to his Twitter account.

## 5. COMPUTATION OF DAMAGES

Plaintiff seeks nominal damages and attorneys' fees and costs in an amount to be determined at the conclusion of the litigation. Plaintiff also seeks injunctive and declaratory relief.

Defendant seeks his attorneys' fees and costs, to the extent permitted by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) Conference.

June 12, 2019

### b. Names of each participant at the Rule 26(f) conference and each party he/she represented.

Ashley Kissinger, Sara Neel, Matt Thornton, and Mack Wilding appeared on behalf of Plaintiff Anne Landman; Jessica Smith and Maureen Witt appeared on behalf of Defendant Ray Scott.

### c. Statement regarding Rule 26(a)(1) disclosures.

During the Rule 26(f) conference, the parties agreed to postpone Rule 26(a)(1) disclosures to facilitate settlement discussions, which are ongoing. The parties will serve their Rule 26(a)(1) disclosures on or before July 23, 2019.

13

      **d.**    **Proposed changes, if any, in timing or requirement of disclosures under Rule 26(a)(1).**

The parties agreed to extend the Rule 26(1) disclosure deadline to July 23, 2019. Otherwise, the parties do not propose changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

      **e.**    **Statement concerning any agreements to conduct informal discovery.**

None at this time.

      **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties will utilize a unified exhibit numbering system if requested by the Court. Otherwise, the parties agree to abide by applicable sections of the Honorable Judge Blackburn's Civil Practice Standards. The parties agree to explore whether there are procedures they can effectively employ in this case to reduce discovery and other litigation costs. Specifically, the parties will immediately discuss and jointly create an ESI protocol to govern discovery in this case upon any party's service of requests for production of documents, if not sooner. In addition to whatever other procedures the parties agree to in the ESI protocol, the parties have agreed to make productions in TIFF and native formats, with load files.

      **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The full extent of documents to be produced during discovery is unknown at present. At this time, the parties anticipate that their claims and/or defenses will involve at least some electronically stored information and information or records maintained in electronic form,

14

including, but not limited to, archived data from Senator Scott's official Facebook page and Twitter account and Ms. Landman's Facebook page and Twitter accounts, electronically stored communications to and from Senator Scott (e.g., emails, texts, voicemails, etc.), and electronically stored information relating to an ethics complaint that plaintiff filed with the Colorado Senate. The discovery of some ESI will be directed toward third parties (*e.g.*, Facebook, Twitter, and the Colorado Senate). At the Rule 26(f) conference, the parties agreed that they have and will preserve such information. The parties will continue to discuss the most efficient means for exchanging electronically stored information.

      **h.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

At the Rule 26(f) conference, the parties discussed the possibility of promptly settling or resolving the case, and they have since exchanged competing proposals. The parties hope to resolve the case amicably prior to the July 23, 2019 scheduling conference. The parties request that, if they are unable to do so, the Court schedule a settlement conference before Magistrate Judge Varholak at the earliest possible time that works for both parties and the Court, and that the parties be required to attend.

**7.**    **CONSENT**

As set forth in the previously filed Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form [ECF No. 15], all parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

**8.**    **DISCOVERY LIMITATIONS**

      **a.**    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

15

At this time, neither party proposes any modification to the presumptive number of depositions or interrogatories in the Federal Rules.

    **b.** **Limitations which any party proposes on the length of depositions.**

None at this time.

    **c.** **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties propose as follows: Requests for admission served pursuant to Fed. R. Civ. P. 36 shall be limited to no more than 75 in number, each of which shall consist of a single request.

    **d.** **Other Planning or Discovery Orders.**

None at this time.

**9.** **CASE PLAN AND SCHEDULE**

    **a.** **Deadline for Joinder of Parties and Amendment of Pleadings:**

September 6, 2019

    **b.** **Discovery Cut-off:**

February 28, 2020

    **c.** **Dispositive Motion Deadline:**

April 30, 2020

    **d.** **Expert Witness Disclosure**

        **1.** **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff currently anticipates designating an expert to testify about how Facebook and Twitter work (including concepts such as blocking and banning users, and deleting and hiding content, among other things).

Defendant anticipates retaining rebuttal experts for Plaintiff's anticipated expert testimony.

> 2. **Limitations which the parties propose on the use or number of expert witnesses:**

One (1) expert per side.

> 3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

November 1, 2019

> 4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

December 13, 2019

### e. Identification of Persons to Be Deposed:

Plaintiff currently intends to depose the following persons:

- Defendant Scott (7 hours estimated);

- Kevin Grantham, President of the Colorado Senate at the time Plaintiff Landman's ethics complaint was denied (3 hours estimated);

- Any expert or rebuttal expert identified by Defendant Scott (7 hours each estimated); and

- Any person identified in Defendant Scott's Rule 26(a)(1) disclosures (3-7 hours each estimated).

Defendant currently intends to depose the following persons:

- Anne Landman (7 hours estimated);

17

- Any person identified in Plaintiff's initial disclosures (7 hours each estimated); and

- Any expert retained by Plaintiff (7 hours each estimated).

    **f.**    **Deadline for Interrogatories:**

~~Plaintiff proposes that the parties serve written interrogatories no later than September 27, 2019~~; Defendant proposes December 13, 2019.

    **g.**    **Deadline for Requests for Production of Documents and/or Admissions:**

~~Plaintiff proposes that the parties serve Requests for Production of Documents and/or Admissions no later than September 27, 2019~~; Defendant proposes December 13, 2019.

**10.**    **DATES FOR FURTHER CONFERENCES**

    a.    Status conferences will be held in this case at the following dates and times:

_____.

    b.    A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11.**    **OTHER SCHEDULING MATTERS**

    **a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None at this time.

18

      **b.**     **Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate a three (3) day trial to the Court.

      **c.**     **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this \_\_\_23rd_____day of July, 2019.

BY THE COURT:

_____
United States Magistrate Judge
Scott T. Varholak

APPROVED:

| | |
|---|---|
| /s Ashley I. Kissinger | /s Maureen R. Witt |
| Ashley I. Kissinger | Maureen R. Witt |
| BALLARD SPAHR LLP | HOLLAND & HART LLP |
| 1225 Seventeenth Street, Suite 2300 | 555 17th Street, Suite 3200 |
| Denver, Colorado 80202-5596 | Denver, Colorado 80202 |
| Telephone: (303) 376-2407 | Telephone: (303) 295-8000 |
| kissingera@ballardspahr.com | mwitt@hollandhart.com |
| | |
| *Attorney for Plaintiff Anne Landman* | *Attorney for Defendant Ray Scott* |