**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01367-STV

ANNE LANDMAN,

      Plaintiff,

  v.

RAY SCOTT, Colorado State Senator for
Senate District 7, in his individual and official
capacities,

      Defendant.

**JOINT MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(2), the parties hereby move this Court for an Order of Dismissal With Prejudice, except as to any motion filed in this action to enforce the terms hereof ("Order of Dismissal"), according to the terms detailed as follows:

1. In the Spring of 2017, Defendant Ray Scott, Colorado State Senator for Senate District 7 ("Senator Scott"), "blocked" Plaintiff Anne Landman from his official Twitter account and "banned" her from his official Facebook page. He also blocked a Twitter account associated with Ms. Landman's blog, @ThoughtOnBoard, from his official Twitter account, and deleted or hid at least one comment made by Ms. Landman on his official social media accounts.

2. At the time Senator Scott took these actions, he was not aware of any case law addressing the issue of whether government officials can block or ban users on their official

social media accounts based on the users' viewpoints. Indeed, at that time, there was not a single published court decision addressing the issue.

3. Multiple federal courts have since considered this issue. *Compare Davison v. Randall*, 912 F.3d 666, 687-88 (4th Cir. 2019) (affirming district court's holding, after bench trial, that elected county official violated a person's First Amendment rights when she banned him from her official Facebook page, a public forum, based on the views expressed in his posts), *Robinson v. Hunt Cty.*, No. 18-10238, 2019 U.S. App. LEXIS 11013, at *9-10 (5th Cir. Apr. 15, 2019) (assuming, where defendant did not contest the issue, that sheriff department's Facebook page is a public forum where viewpoint discrimination is constitutionally prohibited), *and Knight First Amendment Inst. at Columbia Univ. v. Trump*, 2019 WL 2932440 (2d Cir. July 9, 2019) (affirming district court's holding that President Trump violated the First Amendment when he blocked Twitter users with whom he disagrees),[1] *with Morgan v. Bevin*, 298 F. Supp. 3d 1003,

---

[1] *See also One Wis. Now v. Kremer*, No. 17-cv-0820-wmc, 2019 U.S. Dist. LEXIS 8828 (W.D. Wis. Jan. 18, 2019) (holding that several state representatives violated an advocacy organization's First Amendment rights when they blocked the organization on Twitter in response to the organization's criticisms of the representatives); *Garnier v. Poway Unified Sch. Dist.*, No. 17-cv-2215-W (JLB), 2018 U.S. Dist. LEXIS 87987 (S.D. Cal. May 24, 2018) (finding allegations that school board officials used "private social media accounts as a tool for governance" and then blocked persons with differing viewpoints sufficient to withstand motion to dismiss Section 1983 claims alleging violations of the First Amendment); *Dingwell v. Cossette*, No. 3:17-CV-01531 (VLB), 2018 U.S. Dist. LEXIS 95832, at *12-13 (D. Conn. June 7, 2018) (citing the *Trump* case in holding that the plaintiff had stated a colorable claim of First Amendment retaliation when he had been banned from commenting on a local police department's official Facebook page based on comments critical of the department); *Leuthy v. LePage*, No. 1:17-cv-00296-JAW, 2018 U.S. Dist. LEXIS 146894, at *45 (D. Me. Aug. 29, 2018) (denying motion to dismiss upon applying forum analysis to Maine Governor's Facebook page and holding that deleting comments based on the poster's viewpoint is not government speech and violates the First Amendment); *Campbell v. Reisch*, No. 2:18-CV-04129-BCW, 2019 U.S. Dist. LEXIS 23034, at *9-10 (W.D. Mo. Feb. 8, 2019) (denying motion to dismiss, holding that state representative acted under color of state law when she blocked plaintiff from official Twitter account after plaintiff posted critical tweets about the state representative; *Windom v.*

1010-13 (E.D. Ky. 2018) (holding that the First Amendment did not apply to Governor of Kentucky's Twitter and Facebook pages because the pages were government speech).

4. Senator Scott takes no position on the case law. He has now "unblocked" and "unbanned" Ms. Landman, the @ThoughtOnBoard account, and all others from his official social media pages.

5. From this date forward, Senator Scott agrees to refrain from "blocking" or "banning" any individuals or organizations, including Ms. Landman and organizations she is affiliated with, and to refrain from deleting or hiding any comments posted on Senator Scott's official Facebook page and official Twitter account, except as authorized by Paragraph 6 below. This agreement applies to any official Facebook page and official Twitter account Senator Scott might establish in the future as a government official, even if he is, at that time, holding a different position within the government, whether state, federal, or local, regardless of whether that position is obtained by election, appointment, or employment.

6. Senator Scott's agreement in paragraph 5 above does not and shall not apply to any postings, comments, or other material that constitutes or contains a true threat, obscenity, or commercial speech (advertisements and other speech proposing a commercial transaction); is reasonably subject to interpretation as being in furtherance of illegal criminal activity; or that Senator Scott personally knows, or is advised by a third party, is a false statement of verifiable

---

*Harshbarger*, No. 1:19-cv-24, 2019 U.S. Dist. LEXIS 95080, at *13 (N.D.W. Va. June 6, 2019) (denying motion to dismiss plaintiff's claim that government official banned plaintiff from the official's Facebook page in violation of the First Amendment).

fact, and the statement is reasonably subject to interpretation as being actionably defamatory of third persons.

7.	It is expressly agreed and understood by the parties that the terms of this Dismissal apply only to Senator Scott's official Facebook page (currently at https://www.facebook.com/rayscottforcolorado/) and official Twitter account (currently at https://twitter.com/SCOTTFORCOLO) – whether those official social media accounts remain at these URLs or are opened as new pages/accounts, and whether Senator Scott is holding his current position as a state senator or is a government official in any other capacity, whether federal, state, or local (and whether obtained by election, appointment or employment) – and do not in any way limit or affect his ability to "block" or "ban" individuals or entities or delete or hide comments on his personal Facebook account (currently at https://www.facebook.com/rayscottcolorado) or personal Twitter account in his individual capacity.  Additionally, the parties agree that Senator Scott cannot and will not be held responsible for any actions taken by Facebook or Twitter, or any other social media actions or events, which he or his representatives do not initiate, participate in, or have control over.

8.	Senator Scott will post the following notice on his personal Facebook account (currently at https://www.facebook.com/rayscottcolorado): "This Facebook account is not Senator Scott's official Facebook page.  The official Facebook page is located at https://www.facebook.com/rayscottforcolorado/."  If Senator Scott has or creates a personal Twitter account, he will post a like message there.  If Senator Scott should hold any different position as a government official in the future, and he operates an official social media account(s) in connection that with position, he shall change the language accordingly.

9. Senator Scott has paid Ms. Landman $25,000 in attorneys' fees and costs in partial reimbursement for this case.

10. Except with respect to those matters to which the Order of Dismissal does not apply as stated in Paragraph 6 above, the terms of the Order of Dismissal may be enforced by Plaintiff Anne Landman.

11. The parties expressly agree that this Court shall retain jurisdiction over this case should Plaintiff Anne Landman file a motion to enforce this Order of Dismissal, and that the dismissal is with prejudice except as to any motion(s) later filed in this case to enforce the terms of the Order of Dismissal.

12. Should Ms. Landman move to enforce this Order of Dismissal, such motion shall be considered a "proceeding to enforce a provision of Section 1983" under 42 U.S.C. § 1988, and the attorneys' fees provisions of Section 1988 shall apply.

Wherefore, the Parties jointly request that this Court enter an Order of Dismissal With Prejudice, except as to a motion(s) to enforce the terms of the Order of Dismissal, incorporating the entirety of the above.

Dated:  August 30, 2019

**Agreed to by:**

Plaintiff Anne Landman

*[signature: Anne Landman]*

Defendant Senator Ray Scott



In His Individual and Official Capacities

Counsel for Plaintiff:

s/ Ashley I. Kissinger

Ashley I. Kissinger
J. Matt Thornton
Mark David Wilding, Jr.
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202
303-376-2407
kissingera@ballardspahr.com
thorntonj@ballardspahr.com
wildingm@ballardspahr.com

Mark Silverstein
Sara R. Neel
ACLU Foundation of Colorado
303 East 17th Street, Suite 350
Denver, CO 80203
720-402-3104
msilverstein@aclu-co.org
sneel@aclu-co.org

Counsel for Defendant:

s/ Maureen R. Witt

Maureen Reidy Witt
HOLLAND & HART LLP
6380 South Fiddlers Green Circle
Suite 500
Greenwood Village, CO 80111
Telephone: 303.290.1600
Facsimile: 303.290.1606
mwitt@hollandhart.com

Jessica J. Smith
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
Facsimile: 303.295.8261
jjsmith@hollandhart.com

## CERTIFICATE OF SERVICE

I hereby certify that on 8/30/2019, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

J. Matt Thornton (thorntonj@ballardspahr.com)
Mark David Wilding, Jr. (wildingm@ballardspahr.com)
Ashley I. Kissinger (kissingera@ballardspahr.com)
Mark Silverstein (msilverstein@aclu-co.org)
Sara R. Neel (sneel@aclu-co.org)

*s/ Maureen R. Witt*
Holland & Hart LLP

13251883_v3