**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action 19-cv-01367-REB-STV

ANNE LANDMAN,

      Plaintiff,

v.

RAY SCOTT, Colorado State Senator for Senate District 7, in his individual and official capacities,

      Defendant.

---

**ORDER OF DISMISSAL**

---

**Blackburn, J.**

      This matter is before me on **Joint Motion for Order of Dismissal With Prejudice** [#27][1] filed August 30, 2019.  The parties seek an order of dismissal incorporating the following facts and terms:

      1. In the Spring of 2017, Defendant Ray Scott, Colorado State Senator for Senate District 7 ("Senator Scott"), "blocked" Plaintiff Anne Landman from his official Twitter account and "banned" her from his official Facebook page. He also blocked a Twitter account associated with Ms. Landman's blog, @ThoughtOnBoard, from his official Twitter account, and deleted or hid at least one comment made by Ms. Landman on his official social media accounts.

      2. At the time Senator Scott took these actions, he was not aware of any case law addressing the issue whether government officials can block or ban users on their

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

official social media accounts based on the users' viewpoints. Indeed, at that time, there was not a single published court decision addressing the issue.

3. Multiple federal courts have since considered this issue. **Compare Davison v. Randall**, 912 F.3d 666, 687-88 (4th Cir. 2019) (affirming district court's holding, after bench trial, that elected county official violated a person's First Amendment rights when she banned him from her official Facebook page, a public forum, based on the views expressed in his posts); **Robinson v. Hunt County**, 2019 U.S. App. LEXIS 11013, at *9-10 (5th Cir. Apr. 15, 2019) (assuming, where defendant did not contest the issue, that sheriff department's Facebook page is a public forum where viewpoint discrimination is constitutionally prohibited); **and Knight First Amendment Institute at Columbia University v. Trump**, 2019 WL 2932440 (2nd Cir. July 9, 2019) (affirming district court's holding that President Trump violated the First Amendment when he blocked Twitter users with whom he disagrees),[2] **with Morgan v. Bevin**, 298 F.Supp.3d 1003, 1010-13 (E.D. Ky. 2018) (holding that the First Amendment did not apply to Governor of Kentucky's Twitter and Facebook pages because the pages were government speech).

---

[2] **See also One Wisconsin Now v. Kremer**, 2019 U.S. Dist. LEXIS 8828 (W.D. Wis. Jan. 18, 2019) (holding that several state representatives violated an advocacy organization's First Amendment rights when they blocked the organization on Twitter in response to the organization's criticisms of the representatives); **Garnier v. Poway Unified School District**, 2018 U.S. Dist. LEXIS 87987 (S.D. Cal. May 24, 2018) (finding allegations that school board officials used "private social media accounts as a tool for governance" and then blocked persons with differing viewpoints sufficient to withstand motion to dismiss Section 1983 claims alleging violations of the First Amendment); **Dingwell v. Cossette**, 2018 U.S. Dist. LEXIS 95832 at *12-13 (D. Conn. June 7,2018) (citing the **Trump** case in holding that the plaintiff had stated a colorable claim of First Amendment retaliation when he had been banned from commenting on a local police department's official Facebook page based on comments critical of the department); **Leuthy v. LePage**, 2018 U.S. Dist. LEXIS 146894 at *45 (D. Me. Aug. 29, 2018) (denying motion to dismiss on applying forum analysis to Maine Governor's Facebook page and holding that deleting comments based on the poster's viewpoint is not government speech and violates the First Amendment); **Campbell v. Reisch**, 2019 U.S. Dist. LEXIS 138881 at *18-19 (W.D. Mo. Aug. 16, 2019) (holding, after a bench trial, that state representative violated the First Amendment by blocking individuals from Twitter based on their viewpoints); **Windom v. Harshbarger**, 2019 U.S. Dist. LEXIS 95080 at *13 (N.D. W. Va. June 6, 2019) (denying motion to dismiss plaintiff's claim that government official banned plaintiff from the official's Facebook page in violation of the First Amendment).

4. Senator Scott takes no position on the case law. He has now "unblocked" and "unbanned" Ms. Landman, the @ThoughtOnBoard account, and all others from his official social media pages.

5. From this date forward, Senator Scott agrees to refrain from "blocking" or "banning" any individuals or organizations, including Ms. Landman and organizations with which she is affiliated, and to refrain from deleting or hiding any comments posted on Senator Scott's official Facebook page and official Twitter account, except as authorized by Paragraph 6 below. This agreement applies to any official Facebook page and official Twitter account Senator Scott might establish in the future as a government official, even if he is, at that time, holding a different position within the government, whether state, federal, or local, regardless of whether that position is obtained by election, appointment, or employment.

6. Senator Scott's agreement in paragraph 5 above does not and shall not apply to any postings, comments, or other material that constitutes or contains a true threat, obscenity, or commercial speech (advertisements and other speech proposing a commercial transaction); is reasonably subject to interpretation as being in furtherance of illegal criminal activity; or that Senator Scott personally knows, or is advised by a third party, is a false statement of verifiable fact, and the statement is reasonably subject to interpretation as being actionably defamatory of third persons.

7. It is expressly agreed and understood by the parties that the terms of this order apply only to Senator Scott's official Facebook page (currently at https://www.facebook.com/rayscottforcolorado/) and official Twitter account (currently at https://twitter.com/SCOTTFORCOLO) – whether those official social media accounts

3

remain at these URLs or are opened as new pages/accounts, and whether Senator

Scott is holding his current position as a state senator or is a government official in any

other capacity, whether federal, state, or local (and whether obtained by election,

appointment or employment) – and do not in any way limit or affect his ability to "block"

or "ban" individuals or entities or delete or hide comments on his personal Facebook

account (currently at https://www.facebook.com/rayscottcolorado) or personal Twitter

account in his individual capacity. Additionally, the parties agree that Senator Scott

cannot and will not be held responsible for any actions taken by Facebook or Twitter, or

any other social media actions or events, which he or his representatives do not initiate,

participate in, or have control over.

8. Senator Scott will post the following notice on his personal Facebook account

(currently at https://www.facebook.com/rayscottcolorado): "This Facebook account is

not Senator Scott's official Facebook page. The official Facebook page is located at

https://www.facebook.com/rayscottforcolorado/." If Senator Scott has or creates a

personal Twitter account, he will post a like message there. If Senator Scott should hold

any different position as a government official in the future, and he operates an official

social media account(s) in connection that with position, he shall change the language

accordingly.

9. Senator Scott has paid Ms. Landman $25,000 in attorneys' fees and costs in

partial reimbursement for this case.

10. Except with respect to those matters to which this order does not apply as

stated in Paragraph 6 above, the terms of the order may be enforced by Plaintiff Anne

Landman.

4

11. The parties expressly agree that this court shall retain jurisdiction over this case should plaintiff Anne Landman file a motion to enforce this order, and that the dismissal is with prejudice except as to any motion later filed in this case to enforce the terms of the order.

12. Should Ms. Landman move to enforce this order, such motion shall be considered a "proceeding to enforce a provision of Section 1983" under 42 U.S.C. § 1988, and the attorneys' fees provisions of Section 1988 shall apply.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Joint Motion for Order of Dismissal With Prejudice** [#27], filed August 30, 2019, is granted;

2.  That the terms of the parties' settlement as set forth above are approved;

3.  That all pretrial deadlines are vacated;

4.  That the combined Final Pretrial Conference and Trial Preparation Conference scheduled for July 30, 2020, at 11:00 a.m., and the bench trial set to commence August 3, 2020, are vacated; and

5.  That this action is dismissed with prejudice, except as to any motion to enforce the terms of this order.

Dated September 10, 2019, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

5